■ COMMUNITY CAPITAL CORPORATION, Respondent, v. HERBERT R. LEE et al., Appellants.— In an action for judgment decreeing that plaintiff is a co-owner and tenant in common of certain real property and is entitled to the use, possession and occupancy thereof by virtue of its purchase of all the right, title and interest of defendant Herbert Russell Lee therein at an execution sale conducted on April 12, 1966, by the Sheriff of Nassau County on a judgment entered on January 16, 1956 in the Nassau County District Court and docketed in the office of the County Clerk of Nassau County on March 21, 1956, defendants appeal from an order of the Supreme Court, Nassau County, dated May 25, 1967, which (a) denied their motion for summary judgment and alternative relief, (b) granted plaintiff's cross motion insofar as it was for summary judgment as to the first and second affirmative defenses and counterclaims in defendant's answer and (c) on the court's own motion extended the lien of the judgment pursuant to which the execution sale was held, *nunc pro tunc* from January 11, 1966, the date of issuance of execution and the filing of notice of levy by the Sheriff, to April 12, 1966, the date of the execution sale. Order modified by (1) striking out all the decretal paragraphs thereof except the first, which denied defendants' motion, and (2) adding in place thereof a provision that plaintiff's motion is denied. As so modified, order affirmed, with $10 costs and disbursements to appellants. In our opinion, defendants raised a triable issue as to the validity of the Sheriff's sale. In any event, the learned Special Term should not, on its own motion, have extended the lien of the judgment, because the pertinent statute requires that a motion for such relief be made by " the judgment creditor " (CPLR 5203, subd. [b]) and not by, or on behalf of, a purchaser at a Sheriff's sale, like the instant plaintiff. In addition, the same statute further requires that such motion shall be made " upon notice to the judgment debtor " and it appears that no such notice was given to the defend-

ant judgment-debtor. Beldock, P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.